UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONIQUE HESSELBROCK,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>I.Q. DATA INTERNATIONAL, INC.,<br><br>　　　　　　　Defendant. | Case No. 2:23-cv-02169-FLA (PVCx)<br><br>**ORDER AWARDING PLAINTIFF ATTORNEY'S FEES AND COSTS [DKT. 100]** |

### RULING

On July 17, 2024, the court denied Defendant I.Q. Data International, Inc.'s ("IQ Data") Motion for Sanctions and ordered IQ Data to show cause why sanctions should not be imposed for the filing of a frivolous motion ("OSC").  Dkt. 100.[1]  The court also permitted Plaintiff Monique Hesselbrock ("Plaintiff") to file a declaration identifying with specificity the attorney's fees and costs she reasonably incurred in opposing IQ Data's Motion for Sanctions, which Plaintiff filed on July 29, 2024.  Dkt. 100 at 8; Dkt. 101.  IQ Data responded to the OSC on July 31, 2024.  Dkt. 102.

---

[1] The background facts regarding the parties' dispute are set forth in the court's Order Denying IQ Data's Motion for Sanctions.  Dkt. 100.

1

Having considered Plaintiff's materials and IQ Data's response to the OSC, and for the reasons stated herein, the court AWARDS Plaintiff $25,770.00, to be paid by IQ Data within fourteen (14) days of this Order.

The "central purpose of [Fed. R. Civ. P.] 11 is to deter baseless filings in district court[.]" *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990); *Newton v. Thomason*, 22 F.3d 1455, 1463 (9th Cir. 1994). To fulfill this purpose, "Rule 11 provides for the imposition of sanctions when a motion is frivolous, legally unreasonable, or without factual foundation, or is brought for an improper purpose." *Warren v. Guelker*, 29 F.3d 1386, 1388 (9th Cir. 1994); *Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1177 (9th Cir. 1996).

The court determined previously IQ Data's Motion for Sanctions (Dkt. 49) was frivolous because, among other things, the motion lacked sufficient evidentiary basis and was "plainly undermined" by the record in the action. Dkt. 100 at 5–6. Further, IQ Data's "representation and characterization of the facts giving rise to the Motion [for Sanctions] [was] grossly misleading." *Id.* at 6. The facts alleged in IQ Data's Motion for Sanctions and the supporting declaration of its counsel misrepresented (and even contradicted) Plaintiff's deposition testimony, and relied on documents and testimony that "lacked any evidentiary value[.]" *Id.* at 7.[2]

Accordingly, the court finds an award of fees incurred in opposing IQ Data's Motion for Sanctions is warranted because IQ Data's Motion was meritless, not substantially justified, and resulted in an inefficient use of the court's time and resources. *See* Fed. R. Civ. P. 11(c)(4) (sanction may include "an order directing payment to the movant of part or all of the reasonable attorney's fees and other

---

[2] IQ Data's response to the OSC does not meaningfully explain or justify its conduct in filing the Motion for Sanctions or misrepresenting Plaintiff's testimony. *See generally* Dkt. 102. IQ Data reiterates its belief that "there was ample objective evidence" giving rise to the Motion for Sanctions. As discussed, the court does not agree. *Id.* at 5.

2

expenses directly resulting from the violation").

The court, thus, assesses the reasonableness of the fees requested by Plaintiff. "A trial court assessing attorney['s] fees begins with a touchstone or lodestar figure, based on the careful compilation of the time spent and reasonable hourly compensation of each attorney ... involved in the presentation of the case." *Christian Rsch. Inst. v. Alnor*, 165 Cal. App. 4th 1315, 1321 (2008) (quotation marks omitted). "[T]he lodestar amount is calculated by multiplying 'the number of hours *reasonably* expended on the litigation by a *reasonable* hourly rate.'" *Vogel v. Harbor Plaza Ctr., LLC*, 893 F.3d 1152, 1160 (9th Cir. 2018) (citation omitted, emphasis in original).

Plaintiff's counsel, Robert Brennan ("Brennan"), attests he and his law firm incurred $20,561 in opposing IQ's Motion for Sanctions, and $5,209 in preparing the motion for attorney's fees and costs, for a total of $25,770. Dkt. 101 ("Brennan Decl.") ¶ 27. Plaintiff's counsel seek the following hourly rates: $775 for partner Brennan; $500 for associate Stephen Crilly; and between $225 and $275 for paralegal services and support staff. Brennan attests to the education, experience, and expertise of himself and his staff. *Id.* ¶¶ 11–20.

Courts in this district have approved similar rates as those requested by Plaintiff's counsel. *See Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 979 (9th Cir. 2008) ("[T]he established standard when determining a reasonable hourly rate is the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation."); *see e.g.*, *Yu v. Tesla Energy Operations, Inc.*, Case No. 21-cv-0062-FMO (KSx), 2023 WL 6194404, at *2–3 (C.D. Cal. Aug. 4, 2023) (finding hourly rates of $475 for Stephen Crilly and $200–$225 for paralegal services reasonable for the Los Angeles market); *Padilla v. Whitewave Foods Co.*, Case No. 18-cv-09327-SB (JCx), 2021 WL 4902387, at *3 (C.D. Cal. July 15, 2021) (finding hourly rates ranging from $545 to $775 reasonable for senior counsel and partners); *Etter v. Thetford Corp.*, Case No. 14-cv-06759-JLS (RNBx), 2017 WL 1433312, at *4 (C.D. Cal. Apr. 14, 2017) (awarding $500–$775

for partners); Brennan Decl., Ex. A at 7 (2017-18 edition of the United States Consumer Law Attorney Fee Survey states the average hourly rate for a Los Angeles attorney with 31–35 years of experience is $731). Having reviewed Brennan's declaration and the supporting materials, and based on the court's own knowledge and experience, the court finds the hourly rates requested by Plaintiff's counsel are reasonable and consistent with rates charged by attorneys with comparable skill and experience in this district.

Additionally, Plaintiff's counsel submitted its billing records, broken down by attorney, task performed, and hours expended on each task. Brennan Decl., Exs. A–B. In total, the billing records account for 48.15 hours (35.42 hours opposing IQ Data's Motion for Sanctions and 12.33 hours spent in preparing Plaintiff's request for fees). *Id.*, Ex. B. The court finds the time entries are sufficiently detailed and reflect a reasonable number of hours for the tasks performed in this matter.

For the reasons stated, the court AWARDS Plaintiff $25,770.00. IQ Data is ORDERED to deliver payment to Plaintiff's counsel within fourteen (14) days of this Order.

IT IS SO ORDERED.

Dated: September 16, 2024

FERNANDO L. AENLLE-ROCHA
United States District Judge

4